UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No.
05M-1017-JGD

UNITED STATES OF AMERICA

v.

JOSE JIMENEZ
a/k/a BARRY ABRAHAM
a/k/a MICHAEL IAN FIGUEROA
a/k/a DAVID DAVIDSON

## MEMORANDUM AND ORDER ON
## GOVERNMENT'S MOTION FOR DETENTION

February 18, 2005

DEIN, M.J.

### I. GOVERNMENT'S MOTION FOR DETENTION

The defendant is charged in a criminal complaint with making false statements in

an application for a United States passport, in violation of 18 U.S.C. § 1542, and

knowingly possessing and using an identification of another person, to wit: the name,

date of birth and social security number of Michael Ian Figueroa, in violation of 18

U.S.C. § 1028A(a)(1).  An initial appearance was held on February 9, 2005, at which

time the defendant was represented by counsel.  The government moved for detention

on the grounds that the defendant poses a serious risk of flight, and that detention is

warranted pursuant to 18 U.S.C. § 3142(f)(2)(A).  A probable cause/detention hearing

was held on February 14, 2005, at which time the defendant was represented by

counsel.  The defendant requested a continuance, and the matter was continued until February 17, 2005.

A probable cause/detention hearing was held on February 17, 2005, at which time the defendant was represented by counsel.  The government presented the testimony of Special Agent Galen Nace of the United States Department of State, Diplomatic Security Service.  Defendant's counsel cross-examined Agent Nace.  The defendant did not present any evidence.

After consideration of the testimony and the arguments of counsel, this court finds that the government has proved by a preponderance of the evidence that no condition or combination of conditions will assure the defendant's appearance as required, and that detention is appropriate under 18 U.S.C. § 3142(f)(2)(A).

## II. <u>THE BAIL REFORM ACT</u>

A.      Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  <u>See</u> 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or

-2-

combination of conditions will reasonably assure the appearance of the person as required . . . ."  See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

B.    The government is entitled to move for detention on grounds of danger to the community in a case that –

(1)    involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

(2)    involves an offense punishable by death or life imprisonment;

(3)    involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; or

(4)    involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court sua sponte may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses.  See 18 U.S.C. § 3142(f).

---

[1]    The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines.  See United States v. Moss, 887 F.2d 333, 336-37 (1st Cir. 1989).

C.    In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

(1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)    the weight of the evidence against the accused;

(3)    the history and characteristics of the person, including --

(a)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(b)    whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)    the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).[2]

---

[2]    No rebuttable presumptions under 18 U.S.C. § 3142(g) apply in this case.

-4-

### III.  DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited.  Based on the record before me, I find that there are no conditions which may be imposed which will reasonably insure the defendant's presence at trial.

### A.  The Offense Charged And Weight Of The Evidence

The defendant is charged with making a false statement in an application for a United States passport, and using the identity of another.  At this stage, the evidence against him is strong.  The affidavit of Special Agent Nace is very detailed, and the facts alleged therein will be summarized only briefly here.

The defendant's true name is Jose Jimenez, and he was born in New York City. In or about 2002, he illegally obtained a Florida birth certificate in the name of Michael Ian Figueroa, along with Figueroa's social security number.  Figueroa is a real person who, it is believed, lives in Texas.

Armed with Figueroa's identity, Jimenez applied for and obtained permission from the Hampden County Massachusetts Probate and Family Court to change Figueroa's name to Barry Abraham.  He then obtained a social security card and Massachusetts driver's license under the name Barry Abraham.  On November 4, 2004, Jimenez applied for a United States passport under the name of Barry Abraham.  In support of this application, Jimenez used a Massachusetts driver's license in the name of Abraham, the name change record from the Probate and Family Court indicating that

-6-

his name had been changed from Figueroa to Abraham, and a Florida birth certificate in the name of Michael Figueroa. The defendant did obtain a passport in the name of Barry Abraham. It is this passport application which forms the basis of the criminal charges identified in the complaint.

Under his true name, Jose Jimenez, the defendant has a criminal record in New York City, including charges of possession of narcotics, burglary, criminal possession of a weapon and resisting arrest.

The defendant was arrested on January 11, 2005 by the Springfield Police Department pursuant to a state arrest warrant for False Application for a Motor Vehicle License and False Application for a Motor Vehicle Registration. At the time of his arrest, he produced a Massachusetts driver's license and a Massachusetts vehicle registration card issued in the name of Barry Abraham.

On January 11, 2005, a search warrant was executed on the defendant's residence in Springfield, Massachusetts. The search revealed a passport and social security card in the name of Barry Abraham, mail and bills in the name of David Davidson, bank statements in the names of Figueroa, Abraham and various businesses, tax documents in the names of Abraham and Figueroa, a birth certificate in the name of Michael Ian Figueroa, and court documents evidencing the name change from Figueroa to Abraham. There were also over 40 transcripts from high schools and colleges in  different names, and a handwritten document with 27 names along with biographical information. There was also correspondence indicating that the defendant

had requested a birth certificate for a Jared Figueroa, but had been refused as he did not have enough information.

## B.  History And Characteristics Of The Defendant

The defendant was born in New York City on May 19, 1975.  He obtained a GED while incarcerated by the State of New York.  He has taken several college courses but does not have a degree.  He lives with Yasira Williams, age 26.  The couple have 5 children under the age of 6 and Ms. Williams is pregnant.  The phone at the apartment at which they live is under the name of David Davidson.  The defendant asserts that he is part owner of an auto repair and towing company.  His partner knows him as Barry Abraham.

As detailed above, the defendant was convicted of various crimes in New York. He was sentenced to six months of incarceration for a drug charge in 1994, and to another six months for a charge of resisting arrest in 1997.

## C.  Risk of Flight

The defendant, through counsel, argues that he used the name Abraham to avoid the stigma of being a convicted felon under the name of Jimenez.  However, the 40 transcripts and lists of identities located in his home indicate that his use of aliases is far more extensive than that.  Moreover, the defendant engaged in a complicated scheme to obtain different identities, even going so far as to legally change the name of the identity he had illegally obtained.

The defendant faces a mandatory term of imprisonment of at least two years. The large number of different identity documents he possesses, including passports, and the extent to which he has gone to obtain these alternative identities, makes the risk that the defendant will not appear as required very high.  The ease with which the defendant changes identities would make locating him very difficult.  This court finds that the government has proved by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings.

### IV.  ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending trial, and it is further Ordered--

(1)    That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)    That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3)    On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

_____ / s / Judith Gail Dein _____
Judith Gail Dein
United States Magistrate Judge