```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 05-1017-JGD |
| v. | ) | |
| | ) | |
| | ) | |
| JOSE JIMENEZ a/k/a BARRY | ) | |
| ABRAHAM a/k/a MICHAEL IAN | ) | |
| FIGUEROA a/k/a DAVID | ) | |
| DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S MOTION TO EXCLUDE TIME**

The Government respectfully moves this Court to exclude, in computing the time within which the indictment charging the defendant Jose Jimenez a/k/a Barry Abraham a/k/a Michael Ian Figueroa a/k/a David Davidson (the "Defendant" or "Jimenez") must be filed under 18 U.S.C. § 3161(b), the following period: February 9, 2005 through February 22, 2005 (delay resulting from the Government's Motion for Detention).

On February 8, 2005, the Defendant was charged by Complaint with willfully and knowingly making false statements in an application for a passport, in violation of 18 U.S.C. § 1542, and, during and in relation to that crime, knowingly possessing and using, without lawful authority, a means of identification of another person, in violation of 18 U.S.C. § 1028A(a)(1). An arrest warrant was also issued for the Defendant on February 8, 2005. At that time, the Defendant was being detained at Hampden

County House of Corrections on state charges of false application for a motor vehicle license and false application for a motor vehicle registration.

On February 9, 2005, the federal arrest warrant was lodged with the state prison, the state charges were dismissed, and the Defendant was transferred to federal custody pursuant to the federal complaint and arrest warrant. The Defendant also had an initial appearance before this Court on that date. At the initial appearance, the Government moved for detention. Government's motion was resolved on February 22, 2005 when the Court's Order of Detention was entered. Pursuant to 18 U.S.C. §3161(b), the Government is required to obtain an indictment against Jimenez by March 11, 2005.

Pursuant to 18 U.S.C. §3161(h)(1)(F), the period of delay resulting from "the filing of [any pretrial] motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excludable. Accordingly, the Government moves to exclude the thirteen day period from February 9, 2005 to February 22, 2005 in computing the time within which an indictment must be filed under 18 U.S.C. 3161(b) thereby extending the date by which the Government is required to obtain an indictment against the Defendant until March 24, 2005.

A proposed Order is attached hereto.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                        By:  /s/ B. Stephanie Siegmann
                                B. Stephanie Siegmann
                                Assistant U.S. Attorneys

Dated:    March 1, 2005

CERTIFICATE OF SERVICE

    I do hereby certify that a copy of foregoing motion and proposed order was served upon the counsel listed below by electronic notice on this 1st day of March 2005:

        E. Peter Parker, Esq.
        One Commercial Wharf North
        Second Floor
        Boston, MA 02110

                /s/ B. Stephanie Siegmann
                B. Stephanie Siegmann
                Assistant U.S. Attorney