

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*       John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

June 3, 2005

***Via Hand Delivery***

E. Peter Parker, Esq.
One Commercial Wharf North
Second Floor
Boston, MA 02110

    Re:  <u>United States v. Jose Jimenez a/k/a Barry Abraham a/k/a Michael Ian Figueroa a/k/a David Davison</u>
           Criminal Action No. 05-10058-RGS

Dear Peter:

    Pursuant to Local Rules 116.3(A), the government hereby responds to your discovery letter of May 20, 2005. At the outset, I note that the majority of the requests in your letter either reiterate explicitly or in substance those mandated by automatic discovery, under which your client has opted to proceed, or they go beyond the scope of the discovery called for under Federal Rule 16, the Local Rules, and <u>Brady</u> and its progeny. Further, your letter disregards the express provisions of Local Rule 116.3(D) which provides:

> A defendant participating in automatic discovery must not request information expressly required to be produced under L.R. 116.1; all such information is by these Local Rules deemed ordered by the court to be produced.

The government objects to your discovery letter on that basis. With waiving this objection, the government responds as follows, according to the numbering of the requests in your discovery letter.

E. Peter Parker, Esq.
June 3, 2005
Page 2

A.   Responses to Specific Requests

    1.   Although the majority of the attachments were produced on April 20, 2005, all attachments to the search warrant affidavit are reproduced with this letter as documents U.S. 0830-846.

    2.   Enclosed are documents bates labeled U.S. 0828-829.

    3.   All such materials were provided to you on April 20, 2005.  <u>See</u> documents bates labeled U.S. 0063-66.

    4.   The government has located the relevant turret tape and will produce radio communications and radio transmissions that exist and are related to the January 11, 2005 surveillance, car stop, and arrest of Jimenez.  No video tape of this surveillance, cars stop, and arrest was created.

    5.   Nothing has been redacted from document bates labeled U.S. 0025.

B.   Supplement to Automatic Discovery Provisions

    1.   Exculpatory Evidence.  The government has complied, and will continue to comply with Local Rule 116.2 regarding the Disclosure of Exculpatory Evidence and will produce any such exculpatory evidence consistently with the dictates of that rule.  <u>See</u> Government's Automatic Discovery Letter dated April 20, 2005 at ¶ G.

        (a) Criminal Records.  The government objects to this request to the extent that it exceeds the scope of the government's obligations under <u>Brady</u> and <u>Giglio</u>, and the Local Rules.  Without waiving this objection, the government states that it is unaware of any criminal record of any individual it anticipates calling in its case-in-chief.  <u>See also</u> Government's Automatic Discovery Letter dated April 20, 2005 at ¶ G.

        (1)   See preceding response in ¶ B.1.(a).

    (2)   The government objects to this request on the grounds that this request is covered by automatic discovery under Local Rule 116.1(C) (including the incorporation of Local Rule 116.2) and, therefore, it is barred by Local Rule 116.3(D).  Without waiving this objection, the government states that it has

E. Peter Parker, Esq.
June 3, 2005
Page 3

complied, and will continue to comply with Local Rule 116.2 regarding the Disclosure of Exculpatory Evidence.  The government will produce in accordance with the timing requirements established by Local Rule 116.2 all information that is exculpatory within the meaning of Brady, Giglio, and Local Rule 116.2.

(3)-(5)  The government objects to these requests.  These requests exceed the government's obligations under Brady and Giglio as well as the Local Rules.  In accordance with its Giglio policy, for every law enforcement witness, the government will request from the respective investigative agency the following categories of information: a) any finding of misconduct that reflects upon the truthfulness or possible bias of the individual; b) any past or pending criminal charge brought against the individual; c) any credible allegation of misconduct that reflects upon the truthfulness or possible bias of the individuals that is the subject of a pending investigation; d) any allegations which could not be substantiated, were found to be not credible, or have resulted in the exoneration of the individual insofar as those allegations 1) reflect upon the truthfulness or bias of the individual and 2) were made by a prosecutor, magistrate judge or judge or received publicity.  With respect to all witnesses, the government will, in accordance with the timing requirements established under Local Rule 116.2, produce all information known by the government that is exculpatory within the meaning of Brady, Giglio, and Local Rule 116.2.  To the extent that the defendant seeks impeachment information regarding non-witnesses, the government objects to this request.

(b)  Promises, rewards and inducements.  The government objects to this request on the ground that it is barred by Local Rule 116.3(D).  Without waiving this objection, the government states that no promise, reward, or inducement has been given to any witness whom the government anticipates calling in its case-in-chief.  See also Government's Automatic Discovery Letter dated April 20, 2005 at ¶ G.

(1)-(5) See preceding response in ¶ B.1.(b).

(c)  Payment to witnesses.  The government is unaware of any such exculpatory information.  Further, there is no cooperating witness who the government anticipates calling in its case-in-chief.

(d)  Special Arrangements.  The government is unaware of any

E. Peter Parker, Esq.
June 3, 2005
Page 4

such exculpatory information.

    (e)  Credibility.  The governments objects to defendant's request for "[a]ll information bearing upon the credibility of all witnesses" in that such a request is overbroad and exceeds the scope of <u>Brady</u> and <u>Giglio</u>, and the Local Rules.  Without waiving these objections, the governments states that it has complied, and will continue to comply with Local Rule 116.2 regarding the Disclosure of Exculpatory Evidence.  The government will produce in accordance with the timing requirements established by Local Rule 116.2 all information that is exculpatory within the meaning of <u>Brady</u>, <u>Giglio</u>, and Local Rule 116.2.

    (1)-(3)  See preceding response in paragraph B.1.(e).

    (4)-(5)  The government objects to these requests on the grounds that they are overbroad, vexatious, and exceed the scope of <u>Brady</u> and <u>Giglio</u>, and the Local Rules.  Additionally, these requests violate Local Rule 116.3(D).  The government notes that it is required to disclose, twenty-one days before trial, information known to the government of any mental or physical impairment of any witness whom the government anticipates calling in its case-in-chief that may case doubt on the ability of that witness to testify accurately or truthfully at trial as to any relevant event.  <u>See</u> Local Rule 116.2(B)(2)(g).  To the extent that this request seeks disclosure that is broader, or earlier, than the Local Rules require, the government declines to comply with this request.

    (6)  The government states that it has complied with this request in its Government's Automatic Discovery Letter dated April 20, 2005 at ¶ 4.

    (7)  The government objects to this request on the grounds that it violates Local Rule 116.3(D).  The government notes that it is required to disclose a written description of any conduct that may be admissible under Fed. R. Evid. 608(b) known by the government to have been committed by a witness whom the government anticipates calling in its case-in-chief twenty-one days before trial.  <u>See</u> Local Rule 116.2(B)(2)(f).  To the extent that this request seeks disclosure that is broader, or earlier, than the Local Rules require, the government declines to comply with this request.

    (8)-(9)  The government objects to request on the grounds

E. Peter Parker, Esq.
June 3, 2005
Page 5

that it is overbroad and exceeds the scope of <u>Brady</u> and <u>Giglio</u>, and the Local Rules.  Without waiving this objection, the government states that it has complied, and will continue to comply with Local Rule 116.2 regarding the Disclosure of Exculpatory Evidence.  The government will produce in accordance with the timing requirements established by Local Rule 116.2 all information that is exculpatory within the meaning of <u>Brady</u>, <u>Giglio</u>, and Local Rule 116.2.

 (f)  Inconsistent Statements.  The government objects to this request on the grounds that it violates Local Rule 116.3(D).  Without waiving this objection, the government states that it will produce in accordance with the timing requirements established by Local Rule 116.2 all information that is exculpatory within the meaning of <u>Brady</u>, <u>Giglio</u>, and Local Rule 116.2.

 (g)  Law Enforcement Witnesses.  The government objects to this request on the grounds stated in the response contained in ¶ B.1.(3)-(5) page 3.

 (h)  This request is not applicable to this case as there is only one defendant, your client.

 (i)  The government objects to this request to the extent that it violates Local Rule 116.3(D).  Without waiving this objection, the government states that it has complied, and will continue to comply with Local Rule 116.2 regarding the Disclosure of Exculpatory Evidence.  The government will produce in accordance with the timing requirements established by Local Rule 116.2 all information that is exculpatory within the meaning of <u>Brady</u>, <u>Giglio</u>, and Local Rule 116.2.

 2.  The government states that it has produced all information falling within the scope of Fed. R. Crim P. 16(a)(1)(E) in its automatic discovery.  <u>See</u> Government discovery letters and productions dated April 20, 2005, April 29, 2005, and May 3, 2005.

 3.  The government states that it has produced all information falling within the scope of Fed. R. Crim P. 16(a)(1)(F) in its automatic discovery.  <u>See</u> Government discovery letter and production dated April 20, 2005 at ¶ 4.  Additionally, the government objects to defendant's request regarding the production of Fed. R. Crim. P. 16(A)(1)(G) and states that it will produce any such material pursuant to Judge Dein's

E. Peter Parker, Esq.
June 3, 2005
Page 6

scheduling order.  Judge Dein indicated that she would deal with this issue at our next status conference.

    4.  The government objects to this request to the extent that it exceeds the scope of the Local Rules.  The government will comply with the mandates of Local Rule 116.9.  The government, however, objects to the production of law enforcement notes.

    5.  The government will produce witness statements consistent with its obligations under 18 U.S.C. §3500 and the Local Rules governing criminal discovery, at or before the required times.

    Additionally, in your letter you indicated that you had enclosed a document evidencing that Mr. Jimenez and Yasira Williams are husband and wife but I have not yet received a hard copy of your letter with that enclosure.  Lastly, I left you a message earlier this week in an attempt to make arrangements to return documents seized from your client's storage unit.  Although these documents fell within the scope of the search warrant, the government has determined that they have little or no evidentiary value.

                                     Sincerely,

                                       MICHAEL J. SULLIVAN
                                     United States Attorney

                      By:   /s/ B. Stephanie Siegmann
                            B. STEPHANIE SIEGMANN
                            Assistant U.S. Attorney

Enclosures