UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Criminal No. 05-10058-RGS |
| ) | |
| JOSE JIMENEZ    ) | |

**MOTION TO DISMISS
COUNTS NINE AND TEN**

Defendant Jose Jimenez hereby moves for an order dismissing counts 9 and 10, which charge Mr. Jimenez with Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1). Aggravated Identity Theft, which carries a two-year on-and-after sentence in addition to the sentence imposed for passport fraud and/or social security fraud (counts 1 through 6), requires proof that a defendant possessed "a means of identification of another person." *Id*. The term "another person" by plain meaning and context in this statutory scheme means another living human being. There can be no violation of § 1028A here because the two persons whose identities Mr. Jimenez allegedly possessed died long before such alleged possession by Mr. Jimenez.

The statute and the enhanced penalty it imposes on top of the penalty for passport or social security number fraud make sense only if a defendant possesses the identity of another living person. The social security number fraud statute already criminalizes use of a social security number whether or not that number belongs to another living person. *See* 42 U.S.C. § 408(a)(7)(B) (prohibiting a defendant's use of a number that is "not the social security account number assigned … to him"). If the enhanced penalty were available for use of a dead person's social security number, it would punish the same conduct as the predicate offense.

The social security fraud statute demonstrates that Congress knows how to use language that unequivocally encompasses use of the means of identification of both another living person and a dead person. Indeed, when Congress intends the phrase "another person" to mean a living or dead person, it says so. *See United States v. Slone*, 411 F.2d 643, 647 (6th Cir. 2005) (referencing earlier version of federal voting fraud statute that made "it an offense for any person to knowingly personate and vote … in the name of another person, whether living, dead or fictitious."); *United States v. Ramos*, 840 F.2d 1, 2 (5th Cir. 1988) (concerning Texas identity theft statute involving documents relating to "the birth of another person, whether living or deceased"). By using the unmodified words "another person" in § 1028A, Congress clearly intended to impose an enhanced penalty only in cases where a defendant uses or possesses the means of identity of another living person. The legislative history, which repeatedly and unequivocally indicates that the statute is directed at the problems caused by identity theft from living persons, provides further support.

For the reasons set forth below, there can be no doubt that the plain meaning of the words "another person" in § 1028A and the interplay between that statute and the predicate offenses that trigger its enhanced penalty require proof of a defendant's possession of the means of identification of another living person. It is undisputed that the government cannot establish this requisite element of Aggravated Identity Theft. The court should dismiss counts 9 and 10.

**Argument**

**1.    Counts 9 and 10 Are Based On Possession Of the Means Of Identification Of Dead Persons**

Count 9 alleges that Mr. Jimenez possessed the means of identification of David Davidson – specifically, that name and corresponding social security number – during and in relation to social security number fraud. Count 6 alleges the particulars of the predicate offense

of social security number fraud – that Mr. Jimenez used the name and number of David Davidson to initiate telephone service with Verizon. *See* Indictment, counts 6 and 9.

Discovery provided by the government indicates that one David Davidson was issued the social security number that Mr. Jimenez allegedly used and that Davidson died in 1978 at the age of three.[1]

Count 10 alleges that Mr. Jimenez possessed the means of identification of Michael Ian Figueroa – specifically, that name and the corresponding date of birth, place of birth and social security number – during and in relation to social security number fraud and passport fraud. Counts 1 through 5 allege the particulars of the predicate offenses of passport and social security number fraud – that Mr. Jimenez used the specified means of identification of Michael Ian Figueroa to obtain a driver's license, passport and two bank accounts. *See* Indictment, counts 1-5 and 10.

Discovery provided by the government indicates that one Michael Ian Figueroa was issued the social security number that Mr. Jimenez allegedly used and that Figueroa died in 1973 at the age of five.[2]

**2.    The Court Should Dismiss Counts 9 and 10 Because the Government Cannot Possibly Prove A Required Element**

"Another person" means another living person. Congress uses different or additional language when it seeks to impose criminal penalties for the possession or use of means of identification of persons who are dead or alive. In 42 U.S.C. § 408(a)(7)(B), for example, Congress carefully chose language that unequivocally imposed criminal liability for use of a

---

[1]    Bates Label 4/20/05 U.S. 0315. Mr. Jimenez has not attached the government's discovery because it contains full social security numbers. Mr. Jimenez can file the discovery under seal if the court requires.
[2]    Bates Label 4/20/05 U.S. 0318.

social security number that is "not the … number assigned" to the defendant. *Id*. Congress did the same thing in 18 U.S.C. § 1424, which prohibits use of naturalization or citizenship papers. It not only criminalized use of such papers "issued to another person," it also expressly included papers "in a fictitious name or in the name of a deceased person." *Id*. *See also Slone*, 411 F.2d at 647 (referencing earlier version of federal voting fraud statute that made "it an offense for any person to knowingly personate and vote … in the name of another person, whether living, dead or fictitious."); *Ramos*, 840 F.2d at 2 (concerning Texas identity theft statute involving documents relating to "the birth of another person, whether living or deceased"). If "another person" encompassed deceased persons, there would be no need in these statutes for additional language expressly referencing dead persons. Such language would be surplussage.

In addition to the plain meaning of the words of the statute, the context of the statutory scheme indicates that "another person" means another living person. Section 1028A is an enhanced penalty provision that requires the violation of one or more specified predicate offenses and imposes a mandatory two-year sentence on and after the sentence for the underlying offense only if the express "aggravating" factor enumerated in § 1028A is present. Social Security number fraud prohibits use of social security number not assigned to a defendant and by its plain meaning encompasses use of numbers assigned to another living person, a deceased person or a totally fictitious person. *See* 42 U.S.C. § 408(a)(7)(B). Section 1028A imposes an additional two-year sentence only where a defendant possessed or used the means of identity of another living person. If § 1028A applied across the board to all social security number fraud, Congress would have simply increased the penalties in § 408(a)(7)(B). Instead, it enacted an entirely new statute that imposed an additional penalty only where the aggravating factor enumerated in § 1028A is present.

The legislative history reinforces that the term "another person" means another living person and that the enhanced penalty in § 1028A is reserved for those aggravated offenses involving possession or use of another living person's means of identification. The title of the statute, "Aggravated Identity Theft," and the "short" title, "Identity Theft Penalty Enhancement Act," presuppose theft of identity of a living person. *See* H.R. Rep. 108-528 at 2, U.S.S.C.A.N. 779, 779 (June 8, 2004). Congress' purpose was to "address[] the growing problem of identity theft. … [§1028A] provides enhanced penalties for persons who steal identities to commit terrorist acts, immigration violations, firearms offenses, and other serious crimes." *Id*. at 3. Congress was concerned with the havoc caused in living persons' lives when their identities are stolen and used by someone else. *Id*. at 4 ("almost 10 million Americans were victims of some form of identity theft within the last year," costs to "individual consumers are estimated to be approximately $5.0 billion").

Congress was also concerned with punishing sophisticated means of identity theft by persons who regularly come in contact with the means of identification of customers or clients – again, living persons. *Id*. at 4-6 ("identity thieves are obtaining individuals' personal information for misuse … through accessing information that was originally collected for an authorized purpose. The information is accessed either by employees of the company or of a third party that is authorized to access the accounts in the normal course of business, or by outside individuals who hack into computers or steal paperwork likely to contain personal information"). *See also Id*.

at 5-6 (cataloguing cases where insiders systematically obtained credit card data of living persons from health club membership rolls, bank depositor records, auto dealership customer files).[3]

### 3. The Court Should Resolve This Issue Before Trial

Rule 12 of the Federal Rules of Criminal Procedure "encourage[s] district courts to entertain and dispose of pretrial criminal motions before trial if they are capable of determination without trial of the general issues." *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992). Courts have dismissed facially valid indictments pretrial where it was clear that the government would not be able to prove that the charged offense occurred within the applicable limitations period. *See United States v. Grimmett*, 150 F.3d 958, 961 (8th Cir. 1998) (statute of limitations proper subject of motion to dismiss); *United States v. O'Neill*, Criminal No. 93-10049-REK (dismissing indictment after requiring government to show pretrial through admissible evidence how charged conduct fell within statute of limitations).

In *United States v. LaMacchia*, 871 F.Supp. 535 (D. Mass. 1994), this session of this court dismissed an indictment pretrial on grounds that the conduct the government sought to criminalize was not cognizable under the statute the government charged defendant with violating.

---

[3] Undersigned counsel is aware of no case law construing the meaning of the term "another person" in § 1028A. Counsel has located a single reported case on this relatively new statute, which is not on point. *See United States v. Montejo*, 353 F. Supp. 2d 643 (E.D. Va. 2005) (holding that government is required to prove that a defendant knowingly used or possessed a means of identification of another person and rejecting defendant's argument that government had to prove he knew the identification belonged to another person). It was undisputed that the means of identification at issue did indeed belong to another living person. *See Id*. at 644-45.

Other courts have dismissed indictments where it was *Levin*, the Sixth Circuit Court of Appeals upheld the district court's dismissal of an indictment on grounds that the government could prove neither criminal activity nor the requisite criminal intent. The Court of Appeals reasoned that Rule 12 and its component parts "encourage district courts to entertain and dispose of pretrial criminal motions before trial if they are capable of determination without trial of the general issues. Moreover, district courts may make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate finder of fact." 973 F.2d at 467.

In *United States v. Hall*, 20 F.3d 1084 (10th Cir. 1994) and *United States v. Risk*, 843 F.2d 1059 (7th Cir. 1988), the Courts of Appeal upheld pretrial dismissal of indictments based on insufficiency of proof. In *Hall*, the district court dismissed a charge under 18 U.S.C. § 924(c) relating to the use of a firearm in relation to a drug trafficking crime where the gun was found by police in a bedroom closet. In *Risk*, the court dismissed pretrial charges of currency transaction irregularities for insufficiency of evidence. *See also United States v. Brown*, 925 F.2d 1301 (10th Cir. 1991) (affirming pretrial dismissal of charges under 18 U.S.C. § 2414 and § 2415).

Here, the facts are undisputed that the persons who are the subjects of the Aggravated Identity Theft counts of the indictment were dead decades before Mr. Jimenez violated §1028A. It would make little sense and would waste judicial resources to withhold resolution of this dispositive issue until the conclusion of a trial.

**Conclusion**

For all of the foregoing reasons, the government cannot, as a matter of law, make out all of the essential elements for a violation of 18 U.S.C. § 1028A. The court should dismiss counts 9 and 10.

JOSE JIMENEZ
 By his attorney,

/s/*E. Peter Parker*
E. Peter Parker
 B.B.O. #552720
One Commercial Wharf North
Second Floor
Boston, MA  02110
(617) 742-9099


Certificate of Service

I, E. Peter Parker, certify that I served a copy of this pleading on AUSA B. Stephanie Siegmann on August 2, 2005.

/s/ *E. Peter Parker*
E. Peter Parker