UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10058-RGS

UNITED STATES OF AMERICA

v.

JOSE JIMENEZ

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

October 4, 2005

STEARNS, D.J.

Defendant Jose Jimenez seeks dismissal of Counts 9 and 10 of an Indictment charging aggravated identity theft pursuant to 18 U.S.C. § 1028A(a)(1). Jimenez argues that section 1028A punishes only the appropriation of the identity of a living person. (For present purposes, it is undisputed that Jimenez assumed the identifies of two persons who were at the time deceased).

Section 1028A, which became law on July 15, 2004, states in principal part.

§ 1028A.  Aggravated identity theft

(a) Offenses.

(1) **In general.**– Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

(2) **Terrorism offense.**– Whoever, during and in relation to any felony violation enumerated in section 2332b(g)(5)(B), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of

> another person or a false identification document shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 5 years.

A sentence imposed for violation of either provision of subsection (a) runs consecutively to any sentence imposed for the crime facilitated by the fraudulent use of another's identity. (These crimes, in Jimenez's case, are immigration-related offenses).

Jimenez's two arguments for dismissal are as follows. First, the legislative record makes clear that among the concerns prompting the enactment of section 1028A was Congressional sensitivity to the anguish caused victims of identity theft by the ruination of their credit. Because aggravation is an affliction of the living, Congress – or so the argument goes – could not have meant to extend the protections of the statute to dead persons presumably occupied with concerns other than personal creditworthiness.[1] Second, because 42 U.S.C. § 408(a)(7)(B), the omnibus statute penalizing the misuse of Social Security numbers in general, applies to any use of a number not assigned to a defendant (whether the true holder is living or dead), section 1028A would be redundant unless it is intended to punish the misuse of a narrower class of Social Security numbers (that is, those belonging to living persons). Jiminez argues that had Congress wanted to punish more severely all misuses of Social Security numbers, it would simply have enhanced the penalties for violations of section 408(a)(7)(B).

Jimenez's arguments do not withstand a comparison of the structure of section 1028A with that of section 408(a)(7)(B). While 42 U.S.C. § 408(a)(7)(B) applies to the fraudulent misuse of a Social Security number for any purpose regardless of the grade of

---

[1] The executors of their estates might, however, take a different view.

the crime involved, the aggravated sentences imposed by 18 U.S.C. § 1028A(a)(1)&(2) are triggered only by the conviction of a felony enumerated in subsection (c) of section 1028A or in 18 U.S.C. § 2332b(g)(5)(B).  Subsection (c), in addition to serious immigration offenses, lists the federal statutes that punish the crimes of larceny, embezzlement and generic fraud, in other words, the federal crimes most likely to be associated with identity theft.  Section 2332b(g)(5)(B) references the federal crimes of terrorism.  Misusing a Social Security number to obtain a driver's license or to commit a misdemeanor crime (or an unlisted felony) is punishable under section 408(a)(7)(B), but not under the more stringent provisions of section 1028A.[2]

In this latter respect, it is significant that section 1028A is the work of the House Judiciary Committee's Subcommittee on Crime, Terrorism, and Homeland Security.  The statute as written reflects a dual concern with identity theft in its larcenous persona (subsection(a)(1)), and as well with the use of false identification by persons seeking to commit terrorist offenses (subsection (a)(2)).  It is doubtful that Congress would have intended to exempt from the aggravated punishment of the statute a terrorist who, fortuitously or otherwise, assumed the identity of a deceased person.  Nor is it likely that Congress would have intended subsection (a)(1) to reach only living persons while including persons living and dead in subsection (a)(2), at least not without making its purpose in that regard clear.  Hence, section 1028A, while it includes some of the same conduct that is more broadly punished by section 408(a)(7)(B), is focused on a narrower

---

[2]The government points to several exchanges in the legislative history of section 1028A which strongly suggest that Representative Schiff, the author of the statute, believed that his bill applied to "existing person[s], either live or deceased."

spectrum of defendants whose conduct is directly related to serious crimes of identity fraud or to acts of terrorism (or conceivably both). So construed, section 1028A is not redundant of section 408(a)(7)(B). Thus, the narrower construction of section 1028A advanced by Jimenez, limiting the statute's reach to identity fraud affecting only living persons, is neither necessary nor correct.

## ORDER

For the foregoing reasons, defendant's motion to dismiss is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE