UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA         )
                                 )
            v.                   )    CRIMINAL NO. 05-10058-RGS
                                 )
JOSE JIMENEZ a/k/a BARRY         )
ABRAHAM a/k/a MICHAEL IAN        )
FIGUEROA a/k/a DAVID             )
DAVISON,                         )
                                 )
      Defendant.                 )


        GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REVIEW
    BY THE DISTRICT COURT OF THE MAGISTRATE JUDGE'S DETENTION ORDER

    The United States of America, by Michael J. Sullivan, United States Attorney, and B. Stephanie Siegmann, Assistant United States Attorney for the District of Massachusetts, hereby opposes Defendant's Motion for Review by the District Court of the Magistrate Judge's Detention Order on the grounds that Judge Dein's detention order was warranted by the facts and circumstances of this case.  As described in detail below, the government presented evidence that demonstrated by a preponderance of evidence that the defendant Jose Jimenez a/k/a Barry Abraham a/k/a Michael Ian Figueroa a/k/a David Davison (the "defendant") poses a serious risk of flight and no condition or combination of conditions will assure the defendant's appearance at trial.

**A.   Background**

    On February 8, 2005, the defendant was charged in a federal criminal complaint with willfully and knowingly making false

statements in an application for an United States passport, in violation of 18 U.S.C. § 1542, and, during and in relation to that crime, knowingly possessing and using, without lawful authority, a means of identification of another person, in violation of 18 U.S.C. § 1028A(a)(1).  Special Agent Galen Nace of the Diplomatic Security Service executed an Affidavit in support of this criminal complaint detailing the facts that established probable cause to believe that the defendant committed passport fraud and aggravated identity theft (hereinafter "Complaint Aff.").  At the defendant's initial appearance, pursuant to 18 U.S.C. § 3142(f)(2)(A), the government moved for detention on the basis that the defendant posed a serious risk of flight.  On February 17, 2005, Judge Dein held an evidentiary hearing on this motion and Special Agent Nace testified for the government.  Although the defense did not present any evidence in the form of witnesses, in advocating against pretrial detention, defense counsel presented many of the same arguments that he makes now -- that the defendant has stable and strong ties to the community evidenced by his alleged marriage to Yasira Williams and employability.  Despite these arguments, Judge Dein considered the factors identified in 18 U.S.C. § 3142(g) and found that detention was warranted under the circumstances citing the offenses charged, weight of the evidence, risk of flight demonstrated by the defendant's prior conduct, and possible punishment if convicted.  Judge Dein issued

a Memorandum and Order on Government's Motion for Detention on February 18, 2005, which contains Judge Dein's written findings of fact and reasons for detention (hereinafter "Order"). The government respectfully respects that this Court similarly find[1] that it has proved by a preponderance of the evidence that the defendant poses a serious risk of flight and that no condition or combination of conditions will assure the defendant's appearance at trial and order the defendant to be detained pending trial pursuant to 18 U.S.C. § 3142.

**B.   Indictment**

The defendant is charged in a ten count indictment with: (1) willfully and knowingly making false statements in an application for a U.S. passport, in violation of 18 U.S.C. § 1542; (2) willfully and knowingly using false social security numbers, in violation of 42 U.S.C. § 408(a)(7)(B); (3) willfully and knowingly furnishing false information to the Commissioner of Social Security to obtain a social security number card of another, in violation of 42 U.S.C. § 408(a)(6); (4) possessing false identification documents with the intent to defraud the United States, in violation of 18 U.S.C. §1028(a)(4); and (5) committing aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) by using the means of identification of two persons to commit certain enumerated felonies, namely passport and social

---

[1] The District Court conducts a *de novo* review of a magistrate judge's pre-trial detention order. United States v. Tortora, 922 F.2d 880, 883-84 n. 4 (1st. Cir. 1990).

security fraud.

The indictment is based upon evidence that demonstrates that in or about 2002, the defendant falsely assumed the identity of a deceased individual Michael Ian Figueroa. The defendant illegally obtained birth certificates in this person's name. Using one of these birth certificates, the defendant filed a change of name request with the Hampden County Probate and Family Court to allow him, fraudulently posing as Figueroa, to use the name Barry Abraham with Figueroa's other identifiers (date of birth, social security number, place of birth, etc.). This request was granted. Thereafter, the defendant, fraudulently using the means of identification (*i.e.*, date of birth, place of birth, social security number) of Figueroa and his fraudulently created identity, Barry Abraham, obtained false identification documents, including a Massachusetts Driver's License and United States Passport, in violation of 18 U.S.C. §§ 1028(a)(4), 1028A(a)(1), and 1542. The defendant also falsely used Figueroa's social security number on various applications, including a Massachusetts Driver's License Application, U.S. Passport Applicant, and several applications to open bank accounts, in violation of 42 U.S.C. §408(a)(7)(B). Additionally, the defendant also falsely used the identity of another individual who also is deceased, David Davison, to initiate telephone service at his Springfield residence. To open up an account with Verizon, in August 2004, the defendant provided

Davison's name and social security number to the Verizon service representative in violation of 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. 1028A(a)(1).

If convicted of these offenses, the defendant as a person in Criminal History Category II,[2] will face 18-24 months in prison for Courts 1-8.  Additionally, Jimenez faces the possibility of 2 two-year mandatory consecutive sentences if convicted of the two counts of aggravated identity theft (Counts 9-10).  If convicted of both of these counts, the Court must, at a minimum, impose one consecutive two-year sentence.  18 U.S.C. §1028A(b).  The Court, however, has discretion under 18 U.S.C. § 1028A(b), to impose concurrent sentences for multiple offenses of aggravated identity theft.  Id.  Accordingly, if convicted the defendant faces the possibility of a sentence of 42-66 months.

**C.    Evidence Considered by Judge Dein**

As the affiant of the Complaint Affidavit, Special Agent Galen Nace testified at the detention hearing regarding the investigation of the defendant and facts outlined in his affidavit.  As detailed in the Complaint affidavit,[3] Special Agent Nace testified about the elements of the charged offenses.  According to Nace, in or about 2002, the defendant illegally obtained a Florida birth certificate in the name of Michael Ian

---

[2] As described by Judge Dein in her order, the defendant has been convicted of various crimes in New York.  See Order at 8.

[3] This affidavit was admitted into evidence at the detention hearing.

Figueroa and the social security number assigned to this person, \*\*\*-\*\*-6482.  Complaint Aff. ¶6.  On October 31, 2002, the defendant, falsely using the Figueroa identity, posed as Figueroa and filed a request for a name change with the Hampden County Massachusetts Probate and Family Court.  In this court filing, the defendant requested to change his fraudulently obtained identity of Michael Ian Figueroa to another false name, Barry Abraham.  On December 31, 2002, the Court granted the defendant's name change request.  Id.

On January 7, 2003, the defendant, again falsely using the Figueroa identity, applied for a replacement social security number card for the number issued to Figueroa.  Id.  On this application (SS-5 form), he fraudulently represented himself as Figueroa and declared that the number \*\*\*-\*\*-6482 was assigned to him.  He also requested that the new social security card with Figueroa's number be issued to him under the name Barry Abraham. On February 10, 2003, using Figueroa's social security number, the defendant applied for and obtained a Massachusetts Driver's license under the name Barry Abraham.  Id.

On November 4, 2004, the defendant applied for a U.S. passport under the name Barry Abraham.  Id.  On this passport application, the defendant falsely represented himself to be Barry Abraham formerly known as Michael Ian Figueroa.  Id. at ¶7.  He also falsely stated that: his social security number was \*\*\*-\*\*-6482; his place of birth Orlando, Florida; and his date of

birth was **** ** 1973.  Id.  The defendant executed this passport application using the name Barry Abraham.  Id. at ¶6.

In support of his application, the defendant provided the passport acceptance specialist at the United States Post Office at Springfield, Massachusetts, a Massachusetts Driver's License in the name Barry Abraham, a Florida birth certificate in the name of Michael Ian Figueroa, and the name change record from Hampden County Probate and Family Court indicating that a name change had been requested and granted allowing Michael Figueroa to use the name Barry Abraham.  Id. at ¶8.  On November 9, 2004, in response to the application submitted by the defendant, the United States Department of State Passport Agency at Boston issued U.S. passport, number 104687479, to the defendant under his fraudulently obtained identity of Barry Abraham.  Id. at ¶9.

Agent Nace also testified that prior to being charged with violations of federal law, on or about January 11, 2005, the defendant was arrested by the Springfield Police Department pursuant to a state arrest warrant for false application for a motor vehicle license and false application for a motor vehicle registration.  See also Complaint Aff. ¶16.  In conjunction with this arrest, on January 11, 2005, a state search warrant was executed on the defendant's residence, 89 Longhill Street, Apt. 1C, Springfield, Massachusetts.  Id. at ¶18.  As noted by Judge Dein, at the time of his arrest, the defendant produced a Massachusetts driver's license and a Massachusetts vehicle

registration card issued in the name of Barry Abraham.  Order at 7.  Special Agent Nace testified that during the search of the defendant's residence, volumes of documents relating to the use or creation of false identifications were found, including: (1) U.S. Passport in the name of Barry Abraham (the same passport issued pursuant to the fraudulent passport application described above); (2) social security number card in the name of Barry Abraham; (3) birth certificate in the name of Michael Ian Figueroa; (4) court documents evidencing the defendant's scheme to pose as Michael Ian Figueroa and obtain court permission to use the name of Barry Abraham with Figueroa's biographical identifiers (date of birth, social security number, etc.); (5) mail and bills in the name of David Davison, Barry Abraham, and various businesses; and (6) a handwritten document containing lists of names and for each name, the person's date of birth, place of birth, and social security number (the name David Davison appears on this list); and (7) approximately 40 official transcripts from colleges and high schools in the names of different people.  Id.

Based upon this evidence, the government argued that the defendant is skilled at assuming and creating false identities.  Therefore, if released, the defendant could easily assume another identity and disappear.  Judge Dein agreed with the government's argument.  She concluded that

> the defendant engaged in a complicated scheme to obtain different identities, even going so far as to legally

>     change the name of the identity he had illegally
>     obtained . . .  The ease with which the defendant
>     changes identities would make locating him very
>     difficult.

Order at 8-9.  These findings were warranted by the facts and circumstances of this case in February 2005 and the defense has not presented any new evidence which requires the detention order to be revoked or amended.  The defense simply points to the fact that the defendant has children and is allegedly married.  The defendant committed the crimes for which he stands charged while living with these same children and alleged wife, without any regard to how his actions may harm them.

**D.  Evidence Discovered After Detention Hearing**

Since the detention hearing, more evidence has been uncovered supporting Judge Dein's conclusion that the defendant was engaged in a scheme to obtain false identities.  During the search of defendant's storage unit at Handy Self Storage in Springfield, Massachusetts on February 18, 2005, more handwritten lists of names with numbers believed to represent identifiers, including dates of birth and social security numbers were found.  Additionally, during this search, computer disks were seized from the defendant's storage unit containing computer files on how to create false identities.  For instance, one of the defendant's computer disks contained step by step instructions on how to create a new identity using a deceased person's name and biographical information in a document entitled "Anarchist Cookbook 2000."

**CONCLUSION**

For the foregoing reasons, the defendant's motion should be denied.

>                            Respectfully submitted,
>
>                            MICHAEL J. SULLIVAN
>                            United States Attorney
>
>                       By:  /s/ B. Stephanie Siegmann
>                            B. STEPHANIE SIEGMANN
>                            Assistant U.S. Attorney

Dated: December 12, 2005

### Certificate of Service

I do hereby certify that a copy of the foregoing opposition memorandum was served upon Mr. Parker by electronic notice on this 12th day of December 2005.

>                            /s/ B. Stephanie Siegmann
>                            B. Stephanie Siegmann
>                            Assistant U.S. Attorney