UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10058-RGS |
| | ) | |
| JOSE JIMENEZ | ) | |

**DEFENDANT'S REQUEST FOR VOIR DIRE**

Defendant Jose Jimenez hereby moves, pursuant to Fed. R. Crim. P. 24(a), that the court ask prospective jurors the following questions. Mr. Jimenez requests that the court ask each juror, individually at side bar, the questions set forth in parts E-G and that the court permit counsel to ask appropriate follow-up questions. As grounds for this motion, Mr. Jimenez states as follows.

The Sixth Amendment guarantee of trial by an impartial jury and a defendant's right to exercise peremptory and cause challenges are meaningless without a thorough *voir dire*. The method of examination of potential jurors must be designed to elicit candid, honest responses. *See United States v. Noone*, 913 F.2d 20, 32 (1st Cir. 1990) ("[E]ffective voir dire must expose potential bias and prejudice in order to enable litigants to facilitate the empanelment of an impartial jury through the efficient exercise of their challenges").

A trial judge abuses his discretion under Fed. R. Crim. P. Rule 24(a) if the manner and scope of *voir dire* does not reasonably assure that prejudice would be discovered if present. *See Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981) ("Without an adequate *voir dire*, the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled").

The approach Mr. Jimenez proposes herein will facilitate candid and honest responses from members of the panel on sensitive issues such as attitudes toward race and religion.

A. **Attitudes Toward Charges**

   1. Have you had any problems resulting from the unauthorized use by another person of your personal information, including your name, address, social security or driver's license numbers or credit cards and bank accounts?

   2. Has any member of your family, friends, coworkers or colleagues had any of problems caused by unauthorized use of their personal information?

   3. Would your experience or the experiences of family and friends affect your ability to evaluate the evidence and deliberate in this case?

   4. Do you have any opinions about the use of another person's personal information that would affect your ability to evaluate the evidence and deliberate in this case?

B. **General Questions**

   1. Do you have any opinions as to the guilt or innocence of the defendant based on the fact that the government has brought charges against him?

   2. Do you think that if the defendant had done nothing wrong he would not be sitting here as a defendant?

   3. Were you, any member of your family or any acquaintance, ever a victim or a witness in a criminal case?

4. Do you think that will have any effect on your ability to sit on this jury and deliberate?

5. Have you ever sought charges against anyone for committing a crime?

6. Do you think that will have any effect on your ability to sit on this jury and deliberate?

7. Mr. Jimenez is presumed innocent unless the government proves to each member of the jury that he is guilty, beyond a reasonable doubt. If the government fails to convince each juror beyond a reasonable doubt of each of the elements of the offense charged, Mr. Jimenez must be found not guilty. Do you question or doubt in any way your ability to accept the presumption of innocence? Do you question or doubt in any way your ability to hold the government to its burden of proof? Would you have any hesitation in acquitting Mr. Jimenez if you were not persuaded beyond a reasonable doubt by the government's case?

8. The presumption of innocence means that Mr. Jimenez does not have to prove his innocence. He is not required to testify, or to call any witnesses. The fact that he does not testify, or does not present witnesses, may not be held against him. If Mr. Jimenez does not testify, or does not present any witnesses, would you hold that against him in any way? Do you think that a person who is not guilty should testify or should present witnesses to prove his innocence?

9.  Have you heard or read anything, or do you have any opinions about crime or about law enforcement, that would affect your ability to evaluate the evidence fairly and impartially in this case?

10. Have any newspaper articles, television reports, or media coverage about crime affected you in a way which would make it difficult for you to fairly and impartially decide this case solely upon the evidence produced at trial?

C. **Law Enforcement Witnesses**

1.  Have you or has anyone in your immediate family worked for a law enforcement agency (state and/or federal)?

2.  Have you discussed law enforcement work with persons employed in law enforcement or with others?

3.  Would their (or your) employment in law enforcement cause you to give more credit to the testimony of a police officer or other law enforcement officer more than that of a civilian?

4.  Do you have any feelings about crime or law enforcement in general which would interfere with your ability to be completely neutral in deciding whether the testimony of law enforcement personnel is truthful and worthy of belief?

D. **Prior Jury Service**

   1. Was there anything about your prior service that you intend to apply or will apply to your present service, if you are chosen to sit on this jury?

   2. Was there anything about your prior jury service that made you uncomfortable or that raised questions in your mind?

E. **Attitudes Toward Race**

   1. Do you have any feelings or opinions about Latino or Hispanic people that might affect your ability to evaluate the evidence and deliberate in this case?

   2. Does that fact that Mr. Jimenez is Latino influence you in any way?

   3. Do you believe that Latino people are more likely than members of other races to commit crimes?

   4. Do you think your beliefs or ideas will color how you look at the evidence in this case and consider Mr. Jimenez' fate?

   5. If you were Mr. Jimenez, would you want a person with your present attitude and beliefs sitting in judgment of you?

F. **Attitudes Toward Religion**

   1. Do you have any feelings or opinions about Muslim men that might affect your ability to evaluate the evidence and deliberate in this case?

   2. Does that fact that Mr. Jimenez is Muslim influence you in any way?

   3. Do you believe that Muslim men are more likely than members of other faiths to commit crimes?

5

4. Do you think your beliefs or ideas about Muslim men or the Islamic faith will color how you look at the evidence in this case and consider Mr. Jimenez' fate?

5. If you were Mr. Jimenez, would you want a person with your present attitude and beliefs sitting in judgment of you?

**G. Attitudes Toward Lawyers**

1. Do you have any opinions, feelings or beliefs about prosecutors?

2. Do you have any opinions, feelings or beliefs about criminal defense lawyers?

3. Would your feelings about prosecutors or defense lawyers influence how you look at the evidence in this case and consider the fate of the defendant?

JOSE JIMENEZ
 By his attorney,

/s/ *E. Peter Parker*
E. Peter Parker
 B.B.O. #552720
One Commercial Wharf North
Second Floor
Boston, MA  02110
(617) 742-9099

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 6, 2006.

/s/ *E. Peter Parker*
E. Peter Parker