UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10058-RGS |
| | ) | |
| JOSE JIMENEZ | ) | |

**DEFENDANT'S THIRD MOTION IN LIMINE**

Defendant Jose Jimenez hereby moves for an order prohibiting the government from offering at trial testimony from interrogating police officers that in response to direct questions by interrogating officers at the Springfield Police Station following his arrest on January 11, 2005, Mr. Jimenez stated that his name was Jose Jimenez and denied using any other names. The court should exclude testimony about these statements by Mr. Jimenez because he made them in response to questions that were put to him before the interrogators advised Mr. Jimenez of his rights. Once the interrogators read Mr. Jimenez his rights at the police station, he declined to speak with them and invoked his right to counsel. The interrogation was terminated at that point.

By questioning Mr. Jimenez at the police station prior to advising him of his Miranda rights, the interrogators violated Mr. Jimenez's rights to remain silent and to due process under *Miranda v. Arizona*, 384 U.S. 436 (1966) and the Fifth Amendment to the United States Constitution. The court should preclude the government from offering testimony about Mr. Jimenez's Springfield Police Department statements.

**Argument**

Discovery provided by the government indicates that Mr. Jimenez was arrested pursuant to a warrant on January 11, 2005 after the car he was driving was stopped.

Arresting officers placed Mr. Jimenez in custody and took him to a "staging area" where they purportedly orally advised him of his Miranda rights. He was then transported to the Springfield Police Department where interrogators again attempted to question him.

Mr. Jimenez' interaction with his interrogators at the police station was tape-recorded. The tape reveals the following course of events: interrogators asked Mr. Jimenez his name, to which he responded "Jose Jimenez;" they asked him if he ever used any other names and he responded no; they explained that they would be taping the interrogation; and then they advised Mr. Jimenez of his Miranda rights, instructing him to complete a written form. After the form was completed, there was some discussion of waiving prompt arraignment for the purpose of speaking with the interrogators, questions by Mr. Jimenez as to the nature of the charges against him, review of the arrest warrant, explanation of the possibility of federal charges and the prompt and unequivocal invocation by Mr. Jimenez of his right to speak with counsel. The interrogators then terminated the interview.

There can be no serious dispute that Mr. Jimenez was in custody at all times during his presence at the Springfield Police Department – he had been arrested on a warrant. Nor, given the tape recording of the interview, can there be any dispute that the interrogators put questions to Mr. Jimenez before advising him of his rights under Miranda. The questions were designed to elicit incriminating information directly related to the charges against Mr. Jimenez. Indeed, that would be the purpose for offering Mr. Jimenez' responses at trial.

For all of the foregoing reasons, the court should preclude the government from offering any testimony about statements made by Mr. Jimenez in response to custodial interrogation at the Springfield Police Station following the arrest on January 11, 2005.

>JOSE JIMENEZ
> By his attorney,
>
> /s/ *E. Peter Parker*
> E. Peter Parker
>  B.B.O. #552720
> One Commercial Wharf North
> Second Floor
> Boston, MA  02110
> (617) 742-9099

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 7, 2006.

> /s/ *E. Peter Parker*
> E. Peter Parker