```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
        v.                      )    CRIMINAL NO. 05-10058-RGS
                                )
JOSE JIMENEZ a/k/a BARRY        )
ABRAHAM a/k/a MICHAEL IAN       )
FIGUEROA a/k/a DAVID            )
DAVISON,                        )
                                )
        Defendant.              )
```

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE QUESTIONING BY DEFENSE REGARDING THE INITIATION OF THE INVESTIGATION OF THE DEFENDANT**

The United States of America, by Michael J. Sullivan, United States Attorney, and B. Stephanie Siegmann and Jeffrey Auerhahn, Assistant United States Attorneys for the District of Massachusetts, hereby moves this Court, *in limine*, for an order precluding the Defendant, through his counsel, from asking questions of the government's witnesses regarding the basis for law enforcement to initiate an investigation of the defendant's conduct. During the Defendant's detention hearing, defense counsel asked Special Agent Galen Nace of the Diplomatic Security Service, assigned to the Federal Bureau of Investigation, Joint Terrorism Task Force ("JTTF"), why an investigation was opened on his client (or words to that effect). The government objected to this question on relevance grounds and also indicated that this question may implicate classified information. Magistrate Judge Dein sustained the government's objection.

In an effort to avoid misleading or confusing the jury

and/or unfairly prejudicing the defendant at trial, the governments seeks an order from this Court prohibiting any questions on the subject matter of the initiation of the investigation of the defendant.  Questions regarding why the defendant became a subject of an investigation of the FBI's JTTF are irrelevant to the crimes charged (*i.e.*, identity theft, passport and social security fraud) in the indictment or any possible defense and therefore, is inadmissible.  Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). Evidence is relevant if it tends to show the defendant's guilt or innocence.  See Huddleston v. United States, 485 U.S. 681, 687 (1988) ("evidence is relevant if it makes the existence of any fact at issue more or less probable.").  Any evidence about the reasons underlying why the defendant came to the attention of the FBI JTTF does neither.

Further, questions concerning the basis for commencing an investigation of the defendant would likely implicate classified information.  For instance, questions regarding the initiation of the defendant's investigation may elicit classified information concerning potential targets or subjects of intelligence investigations.  An objection, or an refusal to answer a question, on the grounds that the answer is classified may lead the jury to speculate about reasons, other than those described in the indictment, as to why the defendant is being prosecuted. Accordingly, defense questioning on this subject matter would

only serve to mislead and confuse the jury. The government therefore asks this court to use its discretion under Fed. R. Evid. 403 and exclude any reference or questioning on the subject matter of the FBI JTTF's initiation of its investigation of the defendant.

For the foregoing reasons, the government respectfully requests this Court to enter an Order prohibiting defense counsel from questioning any government witness regarding the basis for law enforcement to initiate an investigate of the defendant's conduct.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

                                  By: /s/ B. Stephanie Siegmann
                                       B. STEPHANIE SIEGMANN
                                       JEFFREY AUERHAHN
                                       Assistant U.S. Attorneys

Dated: February 7, 2006

<u>Certificate of Service</u>

I do hereby certify that a copy of the foregoing motion was served upon Mr. Parker by electronic notice on this 7th day of February 2006.

                                    /s/ B. Stephanie Siegmann
                                      B. Stephanie Siegmann
                                      Assistant U.S. Attorney