```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
         V.                   )    Criminal No. 05-10058-RGS
                              )
JOSE JIMENEZ                  )
```

                RESPONSE OF THE UNITED STATES TO DEFENDANT'S
      MOTION TO DISMISS OR TRANSFER CASE FOR IMPROPER VENUE

The United States of America, by and through its undersigned attorneys, files the following memorandum in response to the defendants' motion to dismiss or transfer for improper venue. For the reasons set forth below, the government opposes the defendant's motion.

Assignment of this case to the Eastern Division of the District of Massachusetts violates no rights of the defendant. The venue provisions of the Constitution require that a trial be held in the "State and district wherein the crime shall have been committed." U.S. Const. amend. VI; see also U.S. Const. art. III, section 2, clause 3 ("The Trial of all Crimes ... shall be held in the State where the said Crime shall have been committed.") Trial is scheduled to commence on February 13, 2006, in the District of Massachusetts. Venue is therefore proper. The defendant improperly cites venue as a basis for his motion, just as he incorrectly cites (the only case he cites) United States v. Salinas, 373 F.3d 161 (1st Cir. 2004), which concerned prosecution in the wrong federal district.

There is absolutely no right to a trial within a particular division of the district where the offence occurred. See United States v. Anderson, 328 U.S. 699 (1946); Barrett v. United States, 169 U.S. 218 (1898).

Rule 18 of the Federal Rules of Criminal Procedure incorporates the Constitutional mandate that "... the prosecution shall be had in a district in which the offense was committed." Fed. R. Crim. P. 18. Congress amended the Rule in 1966 to eliminate the requirement that trial be held in the division in which the alleged offenses occurred. Since then, "in fixing the place of trial the court may disregard the division where the crime was committed." United States v. Cates, 485 F.2d 26, 28 (1st Cir. 1974); see also United States v. Mase, 556 F.2d 671 (2nd Cir. 1977); United States v. James, 528 F.2d 999 (5th Cir. 1976). Thus, even if the majority (or even all) of criminal activity in this case took place in the Western Division, the defendant has no right to be tried there.[1] See also Humphrey v. United States, 896 F.2d 1066, 1068 (7th Cir. 1990)("Federal defendants are often tried in a venue at some distance from the location of the underlying offense, yet as long as the trial

---

[1] The government does not concede that their was no activity or connection to the Eastern Division. For example, the main offices of the passport office and Massachusetts Registry of Motor Vehicles that processed and issued the false passport and driver's license are in the Eastern Division. Further, as discussed below, two search warrants and the complaint in this case were issued by a Magistrate Judge in the Eastern Division.

takes place in the district in which the offense took place, no error occurs.")

Local rules governing the assignment of cases are intended to promote efficient operation of the district courts and do not give defendants vested rights to any particular procedure.  See United States v. Osum, 943 F.2d 1394, 1400 (5th Cir. 1991); United States v. Torbert, 496 F.2d 154, 157 (9th Cir.), cert. denied, 419 U.S. 857 (1974).  Thus, even if the defendant is correct (with reference to an alleged violation of the Local Rules[2]), the defendant's rights suffer no injury even when a

---

[2] Furthermore, reading Local Rule 40.1, as defendant suggests, to require that a trial be assigned to the Western Division, such that failure to do so gives the defendant some assertable right, goes beyond the plain language of the Rule and sets the Local Rule in contradiction to Federal Rule 18 of the Federal Rules of Criminal Procedure.  As stated, Rule 18 of the Federal Rules of Criminal Procedure only requires that the trial be held in the district where the crime was committed.  Any requirement that the trial be held in the same division where the crime occurred was specifically removed by Congress.  According to the defendant the assignment of cases pursuant to the Local Rule is automatic and enforceable, even though the rule does not provide for any such remedy.  Arguing that assignment of this case to Boston violates Local Rule 40.1 implies an interpretation of this Rule which is inconsistent with the amendment to Rule 18. (The 1966 Amendment "eliminates the requirement that the prosecution shall be in the division in which the offense was committed and vests discretion in the court to fix the place of trial ...")

Congress has vested the Supreme Court with the authority to prescribe the rules of practice and procedure for the federal courts.  See 28 U.S.C. Section 2072(a).  Pursuant to that authority, the Supreme Court has adopted Federal Rule of Criminal Procedure 57 which provides in pertinent part:
> Each district court acting by a majority of its district judges may ... make and amend rules governing its practice.  A local rule

local rule is not followed.[3]  The defendant must also show prejudice and a violation of due process.  See United States v. Ezeodo, 748 F.2d 97 (2nd Cir. 1984), cert. denied, 469 U.S. 1225

---

> shall be consistent with ... Acts of Congress
> and [the Federal Rules] ...

Fed. R. Crim. P. 57(a)(emphasis added).  The Supreme Court has upheld the authority of the district courts to promulgate such local rules unless, inter alia, the rule conflicts with the Federal Rules of Criminal Procedure.  See Frazier v. Heebe, 482 U.S. 641, 654-55 (1986)(Rehnquist, CJ. dissenting)(citing Colgrove v. Battin, 413 U.S. 149, 159-60, 162-64 (1973); Miner v. Atlass, 363 U.S. 641, 651-52 (1960); Story v. Livingston, 38 U.S. (13 Pet.) 359, 368 (1839)).  The method for determining whether a local rule is inconsistent with a federal rule is to inquire, first, whether the two rules are textually inconsistent and, second, whether the local rule subverts the overall purpose of the federal rule.  See Whitehouse v. U.S. Dist. Court for the Dist. Of Rhode Island, 53 F.3d 1349, 1363 (1st Cir. 1995); Hawes v. Club Ecuestre el Comandante, 535 F.2d 140, 144 (1st Cir. 1976).  Reading Local Rule 40.1 to require that a case be assigned to the Division in which the primary criminal conduct alleged in the indictment occurred contradicts the broad discretion granted to the courts by Rule 18.  Congress explicitly amended the Rule to eliminate the requirement that the trial be held in the division where the crime took place.  Defendant's interpretation of the rule, then, serves to subvert impermissibly the overall purpose of the federal rule and the intent of Congress.

    Interpreting Local Rule 40.1 in the manner necessarily implied by defendant's reasoning would cause the Local Rule to conflict with Federal Rule 18.  A local rule that is inconsistent with the federal rules is invalid.  Thus, it is doubtful that the defendants' interpretation was intended by the judges in this district when they promulgated the rule.

    [3]Defendant offers no real evidence to support his contention that the United States Attorney's Office was judge shopping.  In fact, it is apparent that it is the defendant who is attempting "judge shopping," by seeking to have this case removed to a judge who he apparently believes might be more favorable to the defendant.  When this case was assigned to the Eastern Division, the assignment of judge was random; the government had no control over which judge would be assigned.

(1985)(holding that Local Rule providing for designation of cases based on location of criminal conduct does not mean that case must be tried there); United States v. DeLuca, 692 F.2d 1277, 1281 (9th Cir. 1982).  This the defendant has not done.

The defendant has failed to demonstrate "good cause" that would justify a transfer at this late date.  See Local Rule 40.1(F) ("Any case may be transferred from one division to another division on motion of any party for good cause shown or sua sponte for good cause by the judge to whom the case is assigned.")

The defendant was arrested on a complaint issued out of the Eastern Division on February 8, 2005.  The defendant did not seek a change to the Western Division.  The case was being prosecuted by an Assistant U.S. Attorney's whose office was in Boston.  The defendant was arraigned and assigned present counsel, whose offices are in Boston.  Defense counsel did not seek to transfer the case to the Western Division.  A detention hearing was held and the defendant was ordered detained.  Defense counsel did not seek to transfer the case to the Western Division.  Search warrants were issued by a Magistrate Judge in the Eastern Division on February 18 (a storage unit) and March 3, 2005 (computer disks).  The defendant was indicted on March 15, 2005, and arraigned.  He did not seek to transfer the case to the Western District.  The defendant filed motions (including a

5

motion to dismiss) and those were heard and decided by this Court. Defense counsel did not seek to transfer the case to the Western Division. One week before the scheduled trial he files the instant motion. Subpoenas have been issued, travel plans made, witnesses prepped, exhibits prepared, jury instructions, a trial brief and motions in limine drafted and/or filed. If "the place of trial" pursuant to Rule 18 of the Federal Rules of Criminal Procedure is to be set "within the district with due regard for the convenience of the defendant and witnesses, and the prompt administration of justice," then clearly a trial next Monday in the Eastern Division is appropriate.[4]

Venue is proper in the District of Massachusetts. Therefore, based on the above reasons, this Court should deny Defendant's Motion to Dismiss or Transfer for Improper Venue.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ B. Stephanie Siegmann
B. STEPHANIE SIEGMANN

---

[4] It is worth noting that the Judge in the Western Division recently transferred cases to be re-drawn in the Eastern and Central Division "[d]ue to an unusually heavy criminal docket." See Orders of United States District Judge Michael A. Ponsor in United States v. Monhty Schwartz and Jean Glantz, Criminal Number 05-30080-MAP (indicted on December 15, 2005, transferred by Order dated January 19, 2006, and re-drawn to Judge Saylor in the Western Division) and United States v. Monty Schwartz, Criminal Number 05-30079-MAP (indicted on December 15, 2005, transferred by Order dated January 20, 2006, and re-drawn to Judge Woodlock in the Eastern Division).

```
                            JEFFREY AUERHAHN
                            Assistant U.S. Attorney
```

Dated: February 7, 2006

### Certificate of Service

I do hereby certify that a copy of the foregoing was served upon Mr. Parker by electronic notice on this 7th day of February 2006.

```
                             /s/ B. Stephanie Siegmann
                            B. STEPHANIE SIEGMANN
                            Assistant U.S. Attorney
```