```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
          v.                   )   CRIMINAL NO. 05-10058-RGS
                               )
JOSE JIMENEZ a/k/a BARRY       )
ABRAHAM a/k/a MICHAEL IAN      )
FIGUEROA a/k/a DAVID           )
DAVISON,                       )
                               )
     Defendant.                )
```

**GOVERNMENT'S REQUESTS FOR JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and B. Stephanie Siegmann and Jeffrey Auerhahn, Assistant United States Attorneys for the District of Massachusetts, hereby submits its requests for jury instructions in the above-captioned matter.  The government reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  /s/ B. Stephanie Siegmann
                              B. STEPHANIE SIEGMANN
                              JEFFREY AUERHAHN
                              Assistant U.S. Attorneys

Dated: February 8, 2006

<u>Certificate of Service</u>

I do hereby certify that a copy of the foregoing government's proposed jury instructions was served upon Mr. Parker by electronic notice on this 8th day of February 2006.

<u>/s/ B. Stephanie Siegmann</u>
B. Stephanie Siegmann
Assistant U.S. Attorney

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
### (Count One)

(Read Count One of the Indictment)

Count One of the Indictment charges the defendant with violating Section 1542 of Title 18 of the United States Code. This is a criminal statute which provides that it is unlawful for any person to knowingly and willfully make a false statement in an application for a passport with the intent to induce and secure the issuance of the passport under the authority of the Untied States, for his own use, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws.  Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

- FIRST: That the defendant willfully and knowingly made a false statement in an application for a passport; and

- SECOND: That he did so with the intent to induce and secure the issuance of a passport under the authority of the United States, for his own use; and

- THIRD: That he did so contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws.

18 U.S.C. §1542.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
### (Element - "Knowingly")

A false statement is made "knowingly" if the defendant knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.

<u>First Circuit Pattern Jury Instructions</u> (Criminal), 4.08 (1998).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 3**
**(Element - "False Statement")**

A statement is "false" if it was untrue when made and such a false statement may include making or using any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry.

Adapted from First Circuit Pattern Jury Instructions (Criminal), 4.08 (1998).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
### (Counts Two-Six)

(Read Counts Two through Six of the Indictment)

Counts Two through Six of the Indictment charge the defendant with violating Section 408(a)(7)(B) of Title 42 of the United States Code, a criminal statute which prohibits any person from using a social security number not assigned to him.  To convict the defendant of this crime, the government must prove beyond a reasonable doubt that the defendant:

- FIRST: For the purpose of obtaining something of value or for any purpose;

- SECOND: With the intent to deceive;

- THIRD: Represented a particular social security number to be assigned to him;

- FOURTH: Which representation was false.

United States v. O'Brien, 878 F.2d 1546 (1st Cir. 1989).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 5**
**(Count Seven)**

(Read Count Seven of the Indictment)

Count Seven of the Indictment charges the defendant with violating Section 408(a)(6) of Title 42 of the United States Code, a criminal statute which prohibits any person from furnishing false information to the Social Security Administration. To convict the defendant of this crime, the government must prove beyond a reasonable doubt that the defendant:

- FIRST: With the intent to deceive as to true identity or the identity of another person;

- SECOND: Willfully and knowingly;

- THIRD: Furnishes, or causes to be furnished false information to the Social Security Administration with respect to any information required by the Commissioner of the Social Security Administration in connection with the establishment and maintenance of records under the Social Security Act.

42 U.S.C. §408(a)(6).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
### (Count Eight)

(Read Count Eight of the Indictment)

Count Eight of the Indictment charges the defendant with violating Section 1028(a)(4) of Title 18 of the United States Code.  This is a criminal statute which prohibits any person from a possessing identification document, authentication feature, and false identification document with the intent that such document or feature be used to defraud the United States.  Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

- FIRST: That the defendant knowingly possessed an identification document, authentication feature, or a false identification document; and

- SECOND: That the defendant did so with the intent to defraud the United States; and

- THIRD: That the identification document was not issued lawfully for the use of the defendant.

18 U.S.C. §1028(a)(4).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 7**
**(Element -"identification document")**

The term "identification document" means a document made or issued by under the authority of the United States government, a state, a political subdivision of a state, a foreign government, a political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

18 U.S.C. §1028(d)(3).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
### (Count Nine)

(Read Count Nine of the Indictment)

Count Nine of the Indictment charges the defendant with violating Section 1028A of Title 18 of the United States Code. This is a criminal statute which prohibits any person from possessing a means of identification of another person during and in relation to the felony of social security number fraud. Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following two elements:

- FIRST: That the defendant knowingly possessed, without lawful authority, a means of identification of another person, specifically David Davison; and

- SECOND: That the defendant possessed the means of identification of another person during and in relation to social security number fraud or in other words the misrepresentation of social security numbers in violation of 42 U.S.C. §408(a)(7)(B).

18 U.S.C. §1028A(a)(1); 18 U.S.C. §1028A(c).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9
### (Count Ten)

(Read Count Ten of the Indictment)

Count Ten of the Indictment charges the defendant with violating Section 1028A of Title 18 of the United States Code.  This is a criminal statute which prohibits any person from possessing a means of identification of another person during and in relation to the felonies of passport fraud and social security number fraud.  Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following two elements:

- FIRST: That the defendant knowingly possessed, without lawful authority, a means of identification of another person, specifically Michael Ian Figueroa; and

- SECOND: That the defendant possessed the means of identification of another person during and in relation to passport fraud in violation of 18 U.S.C. §1542 or social security number fraud in violation of 42 U.S.C. §408(a)(7)(B).

18 U.S.C. §1028A(a)(1); 18 U.S.C. §1028A(c).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
### (Element - "means of identification")

With respect to Counts Nine and Ten, the term "means of identification" is defined as any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, social security number, or date of birth.

18 U.S.C. §1028(d)(7).

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 11
### (Element - "another person")

With respect to Counts Nine and Ten, the government must prove beyond a reasonable doubt that the defendant possessed a means of identification of "another person." While it is for you to decide whether or not the government has proven beyond a reasonable doubt that the defendant possessed the means of identification of David Davison in Count Nine and Michael Ian Figueroa in Count Ten, I instruct you that as a matter of law that the term "another person" means living and deceased persons.

United States v. Jose Jimenez, No. 05-10058-RGS, 2005 WL 2453814 (D. Mass. Oct. 4, 2005).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 12
### (Element - "during and in relation")

With respect to Counts Nine and Ten, the government must prove beyond a reasonable doubt that the defendant possessed the means of identification of another person during and in relation to certain felony offenses.  In order for you to find that the defendant acted "during and in relation to" an offense, you must find that the unauthorized possession of the means of identification facilitated or played a role in the offense.  You may use the Court's definition of the elements of the offenses of passport fraud from Count One and social security number fraud from Counts Two-Six in determining whether the defendant's actions facilitated or played a role in the offenses, keeping in mind that Counts Nine and Ten charge possession of the means of identification during and in relation to social security number fraud in Count Nine, and passport fraud and social security number fraud in Count Ten, and not the commission of these offenses.

Adapted from First Circuit Pattern Jury Instructions (Criminal), 4.07 (1998).

## Government's Proposed Instruction No. 13
### (Definition of "Knowingly")

The word "knowingly" as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

<hr>

First Circuit Pattern Jury Instructions (Criminal), 2.13 (1998); United States v. Tracy, 36 F.3d 187, 194-95 (1st Cir. 1994).

## Government's Proposed Instruction No. 14
### (Proof of Knowledge or Intent)

In considering whether the government has proven that the defendant acted knowingly and with intent to commit the crimes charged, note that knowledge or intent may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. Intent may be established by circumstantial evidence and inferences drawn from all the evidence, including the person's words, actions, and conduct as of the time of the occurrence of certain events, and the circumstances surrounding those events.

In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant. You may consider all other facts and circumstances received in evidence that may aid in your determination of the knowledge or intent of the defendant. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

<u>First Circuit Pattern Jury Instructions</u> (Criminal), 4.14 (1998).

## Government's Proposed Instruction No. 15
### (Definition of "Willfully")

The word "willfully" as that term has been used from time to time in these instructions, means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed - that is to say, with bad purpose, either to disobey or disregard the law - not to act by ignorance, accident or mistake.

United States v. Monteiro, 871 F.2d 204, 208-09 (1st Cir. 1989).

## Government's Proposed Instruction No. 16
### (Stipulations)

The evidence in this case includes facts to which the government and defendant have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition, fact, or document. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Adapted from First Circuit Pattern Jury Instructions (Criminal), 2.01 (1998).

## Government's Proposed Instruction No. 16
### (Evidence of Defendant's Prior Acts)

You have heard evidence that the defendant previously committed acts similar to those charged in this case and evidence of other alleged misconduct such as the possession of social security numbers and other means of identification of deceased persons.  You may not use this evidence to infer that, because of his character, the defendant carried out the acts charged in this case.  You may consider this evidence only for the limited purpose of deciding:

(1) Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or

(2) Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment; or

(3) Whether the defendant acted according to a plan or in preparation for commission of a crime.

Remember, this is the only purpose for which you may consider evidence of defendant's prior acts.  Even if you find that the defendant may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that the defendant committed the acts charged in this case.

Adapted from First Circuit Pattern Jury Instructions (Criminal), 2.05 (1998); Huddleston v. United States, 485 U.S. 681, 691-92 (1988); United States v. Randazzo, 80 F.3d 623, 630 (1st Cir. 1996); United States v. LaTorre, 922 F.2d 1, 8 (1st Cir. 1990).