```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
         V.                  )    Criminal No. 05-10058-RGS
                             )
JOSE JIMENEZ                 )
```

## OPPOSITION OF THE UNITED STATES TO DEFENDANT'S THIRD MOTION IN LIMINE

The United States of America, by and through its undersigned attorneys, files the following memorandum in response to the defendants' third motion in limine. Although not captioned as such, this third motion is in the nature of a motion to suppress statements. For the reasons set forth below, the defendant's motion should be denied.

The defendant seeks to suppress statements that the defendant made to the police at the Springfield Police Department, after he was transported there on the morning of January 11, 2005. The principal statement he seeks to suppress is the admission by the defendant, during a recorded interview at the police station, that his true name is Jose Jimenez. The defendant asserts that he was questioned, that is, asked his name, before the defendant was advised of his rights.

First, in filing his motion, the defendant has failed to comply with the Orders of the Magistrate Judge in this case and with the Local Rules. During proceedings before the Magistrate Judge, schedules were set for the filing of discovery and substantive motions. The only substantive motion filed by the

defendant was a motion seeking to dismiss two counts of the indictment.  Said motion was reserved for this Court.  No other motions were discussed or filed.

Further, pursuant to the Local Rule 112.1 of the Rules for the District of Massachusetts, "motion practice in criminal cases shall be subject to L.R. 7.1."  Rule 7.1 requires that a party filing a motion must include "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based."  The defendant failed to submit an affidavit alleging facts that would support his motion.  In addition, he references "[d]iscovery provided by the government [that] indicates" certain facts, but failed to attach said discovery that, in fact, contradicts his assertion of the sequence of events and fails to support his claim.

The defendant's motion states that, at the time of the defendant's arrest, the arresting officers "purportedly orally advised him [the defendant] of his Miranda rights."  The defendant then describes the transportation of the defendant to the police station and the questions that were asked of him prior to being advised of his Miranda rights.  The defendant glosses over the fact that the advise of rights at the police station was the second time he was advised, and the second such form he signed.  Questions that preceded the advise of rights at the police station occurred after the advise of rights at the time of

2

arrest.

Attached hereto, and marked Exhibit 1(a) and 1(b) are copies of the two sides of a Miranda card that was utilized at the time and place of the defendant's arrest (before he was transported to the Springfield Police Station). The attached Miranda card was signed by the defendant at "8:35" A.M. (The time is noted on the card.) The defendant failed to provide to the Court this document (that he received in discovery) as evidencing that the arresting officers (according to the defendant) "purportedly orally advised" the defendant of his Miranda rights. The Exhibit, and the defendant's signature[1] thereon, provides irrefutable evidence that the defendant was, in fact, advised of his rights at the time of his arrest and prior to any questioning at the Springfield Police Department.

Attached hereto and marked as Exhibit 2, is the second advise of rights form that was used at the police station. This was also provided to the defendant as part of discovery. This document was signed by the defendant[2] at "10:35 A.M."

Any responses of the defendant to questions that were asked of him after 8:35 A.M. and before he asserted his right to

---

[1] It is noteworthy that, after being advised of his rights, the defendant signed the Miranda card with his true name "Jose Jimenez."

[2] It is noteworthy that, after being advised of his rights, the defendant also signed this Miranda form with his true name "Jose Jimenez."

counsel (sometime later, at the Springfield Police Station), are admissible at trial. (The defendant concedes that interrogation ceased when he asserted his right to counsel.)

For the reason stated herein, the defendant's third motion in limine, seeking to suppress statements made by the defendant at the Springfield Police Department, should be denied.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:  /s/ B. Stephanie Siegmann
>B. STEPHANIE SIEGMANN
>JEFFREY AUERHAHN
>Assistant U.S. Attorney

Dated: February 8, 2006

## Certificate of Service

I do hereby certify that a copy of the foregoing was served upon Mr. Parker by electronic notice on this 8th day of February 2006.

> /s/ B. Stephanie Siegmann
>B. STEPHANIE SIEGMANN
>Assistant U.S. Attorney

EXHIBIT 1(a)

## MIRANDA WARNING

1. "Before we ask you any questions, you must understand your rights:
2. "You have the right to remain silent.
3. "Anything you say can be used against you in court.
4. "You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

OVER

Exhibit 1(b)

5. "If you cannot afford a lawyer, one will be appointed for you before questioning if you wish.
6. "If you decide to answer questions now without a lawyer present, you will still have the right to stop questioning at any time until you talk to a lawyer.
7. "Do you understand what I have read to you?
8. "Having these rights in mind do you wish to talk to me now?"

9:35
Date and Hour

Signature

Signature—Witness

Signature of Police Officer

Exhibit 2

## MIRANDA WARNING

1. "Before we ask you any questions, you must understand your rights:" *JJ*

2. "You have the right to remain silent." *JJ*

3. "Anything you say can be used against you in court." *JJ*

4. "You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning." *JJ*

5. "If you cannot afford a lawyer, one will be appointed for you before questioning if you wish." *JJ*

6. "If you decide to answer questions now without a lawyer present, you will still have the right to stop questioning at any time until you talk to a lawyer." *JJ*

7. "Do you understand what I have read to you?" *JJ*

8. "Having these rights in mind do you wish to talk to me now?" *JJ*

Date and Hour __10:35 A.M.__           Signature __Joe Jimenez__

Signature-Witness __[signature]__      Signature of Police Officer __Ronald E. Sheehan__

### RIGHT TO USE TELEPHONE

Person Notified: __By Sgt. Timothy R. Sheehan__

Date: __1/1/05__                       Time: __10:40 AM__

I informed the above person that he could use the telephone to call anyone he wished.

Officer(s) making notification: _____

Signature of person notified: X __Joe Jimenez__

IN BOOKING